TOWN OF GUTTENBERG, IN THE COUNTY OF HUDSON, PLAINTIFF AND APPELLEE, v. ROBERT THOMAS, DEFENDANT AND APPELLANT.

Submitted July 1, 1915—Decided November 15, 1915.

Property of a municipal corporation, necessary and in actual use in the exercise of its proper municipal functions, cannot be lawfully seized by virtue of a writ of replevin, and having been seized, while in the physical possession of a custodian, by such a writ to which the municipal corporation was not a party, the corporation may replevy the property from the person to whom the officer has delivered it as soon as it is delivered.

---

On appeal from the First District Court of Jersey City.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellant, *Heyman & Heyman.*

For the appellee, *Warren Dixon.*

The opinion of the court was delivered by

TRENCHARD, J.   In this action of replevin the trial judge, sitting without a jury, rendered judgment for the plaintiff and the defendant appeals.

At the trial it appeared that Hoffman Brothers furnished books for public records to the plaintiff, the town of Guttenberg.   The town accepted the books and put them in use for municipal purposes, and then did not pay for them; but why it did not pay the evidence does not disclose.   Hoffman Brothers then replevied the books in an action against their custodian to which the town was not a party.   No claim of property or bond being delivered to the constable within twenty-four hours after the service of the writ, the property was delivered to Hoffman Brothers.   The town then sued out the writ of replevin in the present action against Robert Thomas, the constable who had seized the books under Hoffman Brothers' writ, and who held them as their agent.

We are of the opinion that the trial judge rightly awarded the possession of the books to the town.

The town was deprived of the possession of the books by virtue of a writ to which the town was not a party.   But apart from that, we think that property of a municipal corporation, necessary and in actual use in the exercise of its proper municipal functions, cannot be seized by virtue of a writ of replevin.

*LaGrange* v. *State Treasurer,* 24 *Mich.* 468; 24 *Am. & Eng. Encycl. L.* (*2d ed.*) 505; 20 *Id.* 1189, 1190.

In its essence the question of the validity of Hoffman Brothers' seizure of the books by writ of replevin is the same as if they had obtained a judgment and levied upon and sought to sell the town hall.   Clearly, that could not be done. The principle is familiar that the public property of a municipal corporation cannot be seized by writ of execution upon a judgment against the corporation, but must be reached by *mandamus* to compel the payment or by a levy of a tax for that purpose.   2 *Dill. Mun. Corp.* (*4th ed.*), § 576. . The reason of public policy which supports this rule applies with equal force to Hoffman Brothers' action by replevin.

If they were permitted in that manner to seize these books, it would be equally open to any constable or sheriff to seize upon public papers and expose public offices to the visitation of ministerial officers who might be commanded by writ issued without previous order or supervision of a court to seize upon and deliver to anyone who should sue out the process any document or muniment which might be found in the office. Or, as in the present case, the property might be seized while in the physical possession of a custodian, not making the municipal corporation a party, thus putting the public body to the necessity of replevin and leaving it optional with the other party to take the course which has been followed in this case, viz., to rebond and keep the property out of the possession of the public corporation. Such procedure is not warranted by principle or authority. The case of *LaFrance Fire Engine Co.* v. *City of Syracuse*, 68 *N. Y. Supp.* 894, is cited for the proposition that a vendor who is not paid for a truck purchased by the fire commissioners of the city may recover possession of the truck. But that question was not involved in the decision of that case, and that portion of the opinion is *obiter*.

The possession of the town of Guttenberg of the property in question not being subject to disturbance by a writ of replevin against the town, or against the custodian of its property, its possessory rights remain the same as when the property was in its physical possession. Of course, after the property so unlawfully taken from the town's possession had been delivered to Hoffman Brothers by the officer, the town had a right to replevy it from the person to whom the officer had delivered it. *Weiner* v. *Van Rensselaer*, 43 *N. J. L.* 547.

The judgment of the court below will be affirmed, with costs.